IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakenyata Maxwell, in her individual capacity and as Personal Representantive of the Estate of Michael Thomas Jr., deceased; and Michael Thomas, Jr. in his individual capacity,<br><br>                   Plaintiffs,<br><br>vs.<br><br>Richland County, in their individual capacity; Timothy Erhhart, Police Officer, in his individual capacity,<br><br>                   Defendants. | Civil Action No. 3:23-cv-1903-CMC<br><br>**ORDER** |

      Plaintiff Lakenyata Marshall brings this Complaint on behalf of herself and her deceased son, Michael, against a Richland County Sheriff's Deputy[1] and Richland County, for Michael's death during a police chase. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On June 23, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Richland County be summarily dismissed from this case, as it is not a "person" amenable to suit under 42 U.S.C. § 1983 and Eleventh Amendment immunity prevents Plaintiff from bringing a negligence claim under the South Carolina Tort Claims Act in this federal court. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if

---

[1] Plaintiff refers to the Deputy as "Police Officer." However, law enforcement officers employed by Richland County Sheriff's Department are Sheriff's Deputies.

she failed to do so.  Plaintiff filed an Amended Complaint (ECF No. 20), but did not file objections, and the time in which to do so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that Richland County[2] be dismissed from this action as a party.  Plaintiff attempted to save her Complaint against this Defendant by filing a motion to amend the Complaint to change it to "Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department"; however, the Magistrate Judge denied the

---

[2] The Magistrate Judge construed claims of municipal liability and negligence against Defendant "Richland County" as ones against the Richland County Sheriff. ECF No. 16 at 2.

motion to amend as futile because a Tort Claims action against the Richland County Sheriff cannot be brought in this federal court due to Eleventh Amendment immunity. ECF No. 25. Plaintiff would have to file her claims against the Sheriff in state court.[3]

Accordingly, the court adopts the Report by reference in this Order. Defendant Richland County, no matter how styled as the County or the Sheriff, is dismissed from this case without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 18, 2023

---

[3] The Sheriff could then remove the claim to this court, as removal acts as a waiver of Eleventh Amendment immunity. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia.*, 535 U.S. 613 (2002).

3